**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Isaac Martinez, individually and on behalf of other employees similarly situated, Plaintiff

v.

7447 South Shore, LLC, Clarion Financial, LLC, Silver Cloud Condominium Association, and Deco Arts Building, LLC, Defendants

## COMPLAINT

Plaintiff Isaac Martinez individually and on behalf of other persons similarly situated, known and unknown, through counsel, and for this complaint against 7447 South Shore, LLC, Clarion Financial, LLC, Silver Cloud Condominium Association, and Deco Arts Building, LLC ("Defendants") state as follows:

## INTRODUCTION

1. This action seeks redress for Defendants' failure to pay Plaintiff and other similarly situated current and former employees' overtime wages. Plaintiff and the persons he seeks to represent are Defendants' current and former general laborers throughout Illinois performing construction, cleaning, and maintenance work in Defendants' buildings.

2. Defendants' failed to pay overtime wages to its current and former employees that worked at Defendants' restaurant located at 301 W. Juneau Ave., Milwaukee, Wisconsin as required by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA) and the IMWL, 820 ILCS 105/1 *et seq*.

3. Upon information and belief, Defendants' have failed to keep proper time records tracking all of Plaintiff's time worked.

## JURISDICTION AND VENUE

4. 28 U.S.C. §1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. §1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

7. Plaintiff resides in and is domiciled within this judicial district.

8. During the course of employment, Plaintiff's work activities engaged him individually in commerce.

9. During the course of employment, Plaintiff handled goods that moved or were intended to move in interstate commerce.

10. Plaintiff was Defendants' employee during the past 3 years as defined by the FLSA.

11. Plaintiff was Defendants' employee during the past 3 years as defined by the IMWL.

12. Defendants were Plaintiff's employer during the past 3 years as defined by the FLSA.

13. Defendants were Plaintiff's employer during the past 3 years as defined by the IMWL.

14. Defendants are a joint enterprise.

15. Defendants do business within this judicial district as an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), engaged in commerce within the meaning of 29 U.S.C. §203(s)(1)(A).

16. Defendants' annual gross sales exceeded $500,000.00 during the past 3 years.

## COUNT I:
### FLSA (Overtime Wage) Violation, §216(b) Collective Action

17. Plaintiff incorporates all above paragraphs.

18. This count arises from Defendants' failure to pay its hourly employees all of their earned overtime wages in violation of the FLSA.

19. Rather than paying Plaintiff overtime wages, Defendants' paid Plaintiff his regular rate for all hours worked.

20. Plaintiff was not exempt from the FLSA.

21. Defendants' FLSA violations were willful.

22. Plaintiff bring this claim as a collective action pursuant to 29 U.S.C. §216(b).

23. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

24. Plaintiff and other similarly-situated persons are due unpaid overtime wages and liquidated damages.

WHEREFORE, the Plaintiff request judgment against Defendants' as follows:

A. the amount of the owed overtime wages for all time worked by Plaintiff and similarly situated persons;

B. liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other relief as this Court deems just.

## COUNT II:
### IMWL (Overtime Wage) Violation

25. Plaintiff incorporates all above paragraphs.

26. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

27. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

28. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants violated the IMWL by failing to pay Plaintiff earned overtime wages for all hours worked in individual work weeks.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, the Plaintiff and the class request judgment against the Defendants' as follows:

A. the amount of all unpaid overtime wages due to Plaintiff;

B. award statutory damages to Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. reasonable attorneys' fees and costs of this action;

D. an injunction precluding Defendants' from further violation of the IMWL; and

E. such other relief as this Court deems just.

February 18, 2016

Respectfully submitted,

**/s/ Valentin T. Narvaez**
One of Plaintiff's Attorneys

Valentin T. Narvaez
vnarvaez@yourclg.com

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
312-878-1302